UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DEXTREL NICHOLAS,**

      **Plaintiff,**

v.                                             Case No:  6:17-cv-439-Orl-37GJK

**SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, et al.,**

      **Defendants.**
_____/

## ORDER

This cause is before the Court on initial review of Plaintiff's Civil Rights Complaint ("Complaint," Doc. 1). Plaintiff, a prisoner of the State of Florida proceeding *pro se*, filed the Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated herein, the Complaint will be dismissed without prejudice.

### I.  FACTUAL BACKGROUND

Plaintiff alleges that, while he was housed at the Charlotte Correctional Institution ("CCI"), he sought medical assistance for growths on both of his earlobes. (Doc. 1 at 4). The growths are known as "keloids, [and they] break open and bleed due to the growth and pressure and they constantly have a foul smell which hinders sleep and activity." (*Id.*). Plaintiff was seen by Dr. Wetterer at the CCI, and "was referred for consult for surgery." (*Id.*).

While awaiting surgery, Plaintiff was transferred to the Everglades Correctional Institution ("ECI"), and he filed a grievance "seeking surgery to remove the keloids." (*Id.*). Plaintiff was seen by Dr. Dieguez, who cancelled the surgery. (*Id.* at 4-5).

Plaintiff filed another grievance, which was approved by Dr. Rodriguez, who provided Plaintiff with a prescription for "Xylocaine for pain." (*Id.* at 5).

Plaintiff alleges that he was later transferred to the Dade Correctional Institution and the Tomoka Correctional Institution ("TCI"), that his medical problems have continued, and that he has not been provided with a remedy for the keloids. (*Id.*). Plaintiff has brought this action against Julie J. Jones, the Secretary of the Florida Department of Corrections; Wexford Health Sources, Inc., a contracted medical provider for the Florida Department of Corrections; Centurion Health Care, a contracted medical provider for the Florida Department of Corrections; Dr. H. Wetterer, the Chief Health Officer at CCI; Dr. T. Dieguez, the Chief Health Officer at ECI; and Dr. C. Calderon, the Chief Health Officer at TCI. Plaintiff requests that Defendants provide him pain medication and surgery, and he also seeks damages.

## II.  LEGAL STANDARD

Plaintiff seeks redress from a governmental entity or employee, and, pursuant to 28 U.S.C. section 1915A(a), the Court is obligated to screen such a prisoner civil rights complaint as soon as practicable. On review, the Court is required to dismiss the complaint (or any portion thereof) under the following circumstances:

> (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

2

28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B)(i) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious.").[1] Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

### III.   ANALYSIS

The Eighth Amendment's proscription against cruel and unusual punishment prevents prison personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To establish deliberate indifference, a plaintiff must prove "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010) (quotation omitted). Medical treatment violates the Eighth Amendment only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotation omitted). Incidents of negligence or

---

[1] "A claim is frivolous if it is without arguable merit either in law or in fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

malpractice do not rise to the level of constitutional violations. *Id.* Claims concerning the doctor's medical judgment, such as whether the doctor should have used another form of medical treatment or a different diagnostic test, are inappropriate claims under the Eighth Amendment. *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995).

The Complaint does not state a claim for deliberate indifference. Plaintiff alleges that, while at CCI, he developed keloids and was referred to a surgery consultation. However, he was then transferred to ECI where Dr. Dieguez made the decision to cancel the surgery. Plaintiff was then transferred to DCI and later to TCI, and he continues to suffer with the keloids. Plaintiff provides no further allegations relating his medical treatment with regard to any of the Defendants.

Construing these allegations in a light most favorable to Plaintiff, he has failed to state a claim cognizable under the Eighth Amendment or § 1983. Plaintiff has alleged nothing to suggest that the doctors' conduct was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris,* 941 F.2d at 1505. Rather, this claim at best amounts to medical malpractice, a claim that does not rise to the level of a constitutional violation. *Id.* Claims concerning a doctor's medical judgment, such as whether the doctor should have used another form of medical treatment are inappropriate claims under the Eighth Amendment. *Adams*, 61 F.3d at 1545. Thus, the Complaint is dismissed for failure to state a claim.

### IV.  CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED**.

2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on March 15th, 2017.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Unrepresented Party
OrlP-2 3/15